UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HYMEL VARNADO (#333068)

VERSUS                                                CIVIL ACTION

KENNETH NORRIS, ET AL                                 NUMBER 13-348-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 3, 2014.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HYMEL VARNADO (#333068)

VERSUS                                          CIVIL ACTION

KENNETH NORRIS, ET AL                           NUMBER 13-348-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiff's Order to Show Cause for an Injunction, which the court will treat as a motion for a preliminary injunction. Record document number 3.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden Burl Cain, Kenneth Norris and Stephanie Lamartiniere. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights. Specifically, the plaintiff alleged that he began to experience lower abdominal pain in September 2009 and was diagnosed with a hernia. Plaintiff alleged that although corrective surgery has been recommended by numerous treating physicians the defendants have failed to have the surgery scheduled in violation of his constitutional rights. With his Complaint, filed on May 31, 2013, the plaintiff also filed the motion now before the court, seeking to enjoin prison officials from failing to provide him with corrective hernia surgery.

## I. Applicable Law and Analysis

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, the Prison Litigation Reform Act requires that any preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Nothing the in the record, either a the time the Complaint was filed or at this time, supports finding that there is a substantial threat the plaintiff will suffer irreparable injury if an injunction is denied. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this case.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

CONCLUSION

The plaintiff has not established the elements needed for issuance of a preliminary injunction.

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Order to Show Cause for an Injunction, treated as a motion for a preliminary injunction, be denied.

Baton Rouge, Louisiana, February 3, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE