UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HYMEL VARNADO (#333068)

VERSUS                                            CIVIL ACTION

KENNETH NORRIS, ET AL                             NUMBER 13-348-JWD-SCR

**RULING ON OBJECTION TO UNTIMELINESS, VALIDITY OF RESPONSES, MOTION TO STRIKE AND TO UPHOLD FRCP RULES 33 AND 36**

Before the court is the plaintiff's Objection to Untimeliness and Validity of Responses to Request For Admissions and Interrogatories, Motion to Strike and Motion to Uphold FRCP Rules 33(b)(4) and 36(a)(3). Record document number 62. The motion is not opposed.

First, the plaintiff moved to compel responses to interrogatories and requests for admissions by defendant Warden Burl Cain. A review of the record showed that the defendant responded to the plaintiff's discovery requests.[1]

Second, the plaintiff moved to compel *verified* responses to discovery by defendants Kenneth Norris and James LeBlanc. A review of the record showed that defendant Norris complied with this court's previous ruling[2] and filed a verification of his discovery

---

[1] Record document numbers 64 and 65.

[2] Record document number 79.

responses.[3] A review of the record showed that defendant LeBlanc included a verification with his second set of discovery responses.[4] Therefore, insofar as the plaintiff sought to compel *verified* responses to discovery by defendants Warden Cain, Norris and LeBlanc, the motion is as moot.

Third, the plaintiff moved to determine the sufficiency of defendant Stephanie Lamartiniere's answers to request for admission numbers 1, 4, 7, 8 and 9.[5]

In request for admission number 1 the plaintiff asked defendant Lamartiniere to admit or deny whether LSP has had an epidemic of offenders filing administrative remedy procedure requests involving hernias which are not scheduled for surgery because the surgery is considered elective. Defendant denied the request as written but also further responded that she has no personal knowledge of the exact number of Administrative Remedy Procedure requests involving hernias. Defendant's response to request for admission number 1 is sufficient.

In request for admission number 4 the plaintiff asked defendant Lamartiniere to admit or deny whether, as part of her position as Medical Warden, she is personally responsible to ensure

---

[3] Record document number 82.

[4] Record document number 80.

[5] Plaintiff's First Set of Request For Admissions Stephanie Lamartiniere. Record document number 35. Defendant Lamartiniere filed responses. Record document number 50.

offenders may request access to health care and that the response to such requests shall be timely and efficient. Defendant denied the request for admission is as written.

In moving to compel a sufficient response to request for admission number 4, the plaintiff argued that the defendant acknowledged having an overall knowledge of departmental regulations and that her position as Medical Warden requires her to review, interpret and implement policy. Plaintiff argued that since Department Regulation B-06-001 contains a clause which identifies as an objective of the policy to ensure unimpeded access to routine and emergency health care services in a timely and efficient manner, defendant Lamartiniere's response is unreasonable.

There are simply no inconsistencies in the defendant's responses to request for admission numbers 2 and 3 and her response to request number 4. Lamartiniere's response to request admission number 4 is sufficient.

In request for admission number 7 the plaintiff asked defendant Lamartiniere to admit or deny that the LSU Health Care system does not know, and/or has not been specifically made aware by the LSP or DPS&C, that Health Care Policy 26 creates two types of elective surgery – medically necessary and cosmetic. Defendant denied the request for admission.

In moving to compel a sufficient response to request admission

number 7, the plaintiff argued that the defendant denied responsibility for informing the LSU Health Care System about the two types of elective surgeries and therefore her response is insufficient. Contrary to the plaintiff's assertion, the request for admission did not ask the defendant to admit or deny responsibility for informing LSU about the two types of surgery. As such, Lamartiniere's response to request for admission number 7 is sufficient.

In request for admission number 8 the plaintiff asked defendant Lamartiniere the following:

> In your position as Medical Warden responsible for ensuring offenders have timely and efficient access to health care for medically necessary hernia surgeries, should LSU Health Care system not be made aware of the two types of elective surgery so it may intelligently schedule surgery based upon informed and full knowledge of the offender's actual medical needs?"

Defendant Lamartiniere denied the request as written.

In moving to compel a sufficient response to request for admission number 8, the plaintiff argued that the defendant denied responsibility for ensuring that offenders have timely access to health care for medically necessary hernia surgery based upon informed and full knowledge of the offender's actual medical needs even though she admitted in response to request for admission numbers 2 and 3 that she is personally responsible for interpreting and implementing all existing written policies. Contrary to the plaintiff's assertion, this is not what the defendant was asked to

4

admit or deny. Fairly read, the defendant was asked to admit or deny that the LSU Health Care system should be made aware of the two types of elective surgery. As such, the defendant's response to request for admission number 8 is sufficient.

In request for admission number 9 the plaintiff asked defendant Lamartiniere to admit or deny that she is personally aware that LSP offenders who are suffering daily pain, physical limitations and mental distress from unincarcerated (sic) hernias will not have the surgery performed until and unless the hernia becomes incarcerated or otherwise becomes immediately life-threatening. Defendant denied the request for admission as written. Defendant further explained that she has no personal knowledge of the subjective levels of pain experienced by each inmate who has been diagnosed with an unincarcerated (sic) hernia.

In moving to compel a sufficient response to request for admission number 9, the plaintiff argued that the response is evasive. Plaintiff's argument is not persuasive. Lamartiniere's response to admission number 9 is sufficient.

Fourth, the plaintiff moved to strike answers to interrogatories and requests for admission filed by defendants James LeBlanc and Kenneth Norris on the ground that they are not signed by the defendants.[6]

---

[6] Plaintiff referred to these as record document numbers 35, 36, 38 and 40. However, these documents are the plaintiff's
(continued...)

Review of the defendants' answers to interrogatories showed that they comply with the requirements of Rule 33(b)(5), Fed.R.Civ.P.[7] Review of the defendants' responses to the requests for admission showed that they comply with the requirements of Rule 36(a)(3), Fed.R.Civ.P.[8] Plaintiff's motion to strike the defendants' answers to interrogatories is denied.

Accordingly, the plaintiff's Objection to Untimeliness and Validity of Responses to Request For Admissions and Interrogatories, Motion to Strike and Motion to Uphold FRCP Rules 33(b)(4) and 36(a)(3) is denied.

Baton Rouge, Louisiana, December 11, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6](...continued) admissions and interrogatories to the defendants. Their responses are at document numbers 52, 51, 80 and 48, respectively.

[7] See record document numbers 80 and 82-1.

[8] Record document numbers 52 and 51, respectively. Rule 36(a)(3), provides in relevant part that a written answer or objection addressed to the matter must be signed by the party or its attorney. Moreover, the rule does not require that the answer to a request for admission be sworn.