UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HYMEL VARNADO,
                              Plaintiff,

                                        CIVIL ACTION

                                        No. 3:13-00348-JWD-EWD

VERSUS

JAMES LEBLANC *ET AL.*,
                              Defendants.

**ORDER ON PLAINTIFF'S MOTION FOR CONSOLIDATION**

I.      **INTRODUCTION**

Before the Court is the Plaintiff's Motion for Consolidation ("Consolidation Motion"), (Doc. 107), filed by Mr. Hymel Varnado ("Varnado" or "Plaintiff"),[1] seeking to consolidate the present matter with three others pending before this Court: Kenneth F. Lesley v. N. Burl Cain *et al.*, No. 13-cv-00490-JWD-EWD ("*Lesley* Matter"); Wayne Fritz v. N. Burl Cain *et al.*, 13-cv-00556-JWD-SCR ("*Fritz* Matter"); and Donald Thomas v. N. Burl Cain et al., No. 13-cv-00673-JWD-SCR ("*Thomas* Matter") (collectively, "Related Matters" or "Related Cases"). Mr. James LeBlanc and the five other named defendants (collectively, "Defendants") contest this request with the Opposition to Plaintiff's Motion for Consolidation ("Opposition"). (Doc. 119.) Plaintiff retorted with Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Consolidation

---

[1] For uncertain reasons, especially since no more than one plaintiff appears in the complaint and as no consolidation has yet occurred, the case caption in the Motion reads "Hymel Varnado *et al.*" (Doc. 107 at 1.)

("Reply"). (Doc. 131.) Based on the arguments presented in these filings and to this Court on January 20, 2016, by counsel for Plaintiff and Defendants (collectively, "Parties"), this Court GRANTS IN PART the Consolidation Motion, allowing consolidation for discovery, but DENIES WITHOUT PREJUDICE the portion of the Consolidation Motion asking for consolidation for trial.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In essence, Varnado presently asserts a claim for medical indifference under the Eighth Amendment of the United States Constitution. (*See, e.g.*, Doc. 1-1 at 1; Doc. 89; Doc. 119 at 2–3.) So characterized, that basic complaint is the same one made by Messrs. Kenneth F. Lesley ("Lesley"), Wayne Fritz ("Fritz"), and Donald Thomas ("Thomas") in the other cases that are the subject of the Consolidation Motion. (*See, e.g.*, Doc. 119 at 2; Doc. 107-1 at 2; Doc. 131 at 1.) In Plaintiff's words, [i]n each action, an . . . inmate [at Louisiana State Penitentiary, also known as Angola] developed a painful hernia while incarcerated." (Doc. 107-1 at 3, 6; *see also, e.g.*, Doc. 131 at 1.) Yet, though "[i]n each, prison doctors recommended surgical intervention, . . . prison officials failed to provide the doctor-recommended surgery," always employing "the constitutionally impermissible excuse of 'lack of funding.'" (Doc. 107-1 at 3, 6; *see also, e.g.*, Doc. 131 at 1.)

In its logic, the Consolidation Motion, tendered on November 30, 2015, relies upon these similarities. Indeed, it observes that "[a]ll four cases have been narrowed through summary judgment to a single common legal issue – claims of Eighth Amendment deliberate medical indifference (with the sole exception of one plaintiff's state law claims)."[2] (Doc. 107-1 at 3.)

---

[2] In all cases, the assigned Magistrate Judge denied and granted in part a defendant's motion for summary judgment. (Docs. 89, 91, No. 13-cv-00348-JWD-SCR; Docs. 26, 27, No. 13-cv-00490-

Consequently, these four presently uncoordinated lawsuits seemingly "involve common questions of fact, common legal issues, common witnesses, and the same legal teams on both sides in every case." (*Id.*) Pursuant to Federal Rule of Civil Procedure 42,[3] the sole relevant provision, consolidation must follow, as it "will save this Court and the [P]arties' resources, allow for quicker resolution of the cases, and avoid the risk of inconsistent outcomes." (*Id.* at 2.)

With the Opposition, docketed on December 12, 2015, Defendants try to distinguish these claims. (*Id.* at 9.) Appending a summary of Varnado's, Fritz's, Thomas', and Lesley's medical records, (Docs. 119-1, 119-2, 119-3, 119-4), Defendants stress that "each case presents unique facts," (Doc. 119 at 2). As these summaries allegedly show, the treatment provided to each plaintiff was "specifically tailored," and "evidence must also be considered in the context of the treatment each plaintiff received in response to complaints for *other* injuries identified in their medical records," with two potential plaintiffs, Messrs. Donald Thomas and Kenneth F. Lesley, advancing allegations "not limited . . . to hernia care." (*Id.* (emphasis added).) Thomas' claim partly rides on Defendants' failure to provide him with hip replacement surgery, and Lesley's complaint includes a state law negligence and medical malpractice claim. (*Id.*) When viewed closely, then, "these cases do not present common issues of fact," (*Id.*), Defendants pointing out that Plaintiff has "attempt[ed] to summarize the facts relevant to each case by identifying *only* the alleged dates of hernia diagnosis, surgical referral and surgery," (*Id.* at 3 (emphasis added)). Beyond this apparent factual defect—"[A] claim for medical indifference," Defendants write, "cannot be supported by so few facts," (*Id.* at 3–4), and at any trial, "it is each

---

JWD-EWD; Docs. 56–57, 13-cv-00556-JWD-SCR; Docs. 33, 35, 13-cv-00673-JWD-SCR.) In this order, docket numbers will only be appended if a document from a different case is referenced.

[3] In this order, any and all references to "Rule []" or "Rules" are to the Federal Rules of Civil Procedure.

plaintiff's burden to prove that **he** was denied medical care and that the denial of the identified medical care constituted deliberate indifference to **his** serious medical needs," (*Id.* at 5)—Defendants outline the dangers posed by hasty consolidation: (1) the jury may be confused, especially based on each plaintiff's "extensive medical record[]"; (2) it will prejudice the Defendants by increasing the possibility that the jury will not focus on whether each plaintiff has met his own individual burden; and (3) for these and related reasons, it will be unfair, "allow[ing] each plaintiff to improperly rely on arguments and evidence from other cases to support his own case," (*Id.* at 7–8). For all these reasons, consolidation would be presently improper.

Submitted on January 8, 2016, the Reply addresses each of Defendants' contentions. (Doc. 131.) First, Plaintiff adduces the perceived "infirmities" in Defendants' position that the Related Matters and the present case do "not involve common issues of fact." (*Id.* at 2.) These include the fact that Rule 42 allows consolidation if "common question[s] of law <u>or</u> fact" exist, that "Defendants *concede* that there is a common issue of law when they explain how each plaintiff must make the same showing to prevail," and "total congruence of facts and issues is not necessary" under Rule 42. (*Id.* (emphases in original)). Second, they question the extent to which each prisoner's unique medical profile would confuse the jury; in fact, they damn Defendants for "cit[ing] no law for the proposition that consolidation is unwarranted because a defense trial tactic would confuse the jury." (*Id.* at 2–3.) Third, "denying consolidation would not avoid the jury learning about many examples of delayed hernia surgery for inmates at Angola," as such evidence "*will* be entered into evidence."[4] (*Id.* at 3 (emphasis added)). Fourth, they doubt

---

[4] This matter-of-fact claim, long before trial and without even a nod to the relevant Federal Rule of Evidence, is premature. Plaintiff makes the same assumption regarding his apparent expert. (Doc. 131 at 5.)

the validity of Defendants' fear that "consolidation would allow the plaintiff to merge the suits into a single cause of action," insisting that this is a "misstatement of law."[5] (*Id.*) Fifth, Plaintiff avers that "[s]peculation about the risk of prejudice does not defeat consolidation," as the fear must be balanced against other factors, all of which favor consolidation here. (*Id.* at 4–5.)

## III.   DISCUSSION

## A.   APPLICABLE LAW

"If actions before . . . [a] court involve a common question of law or fact," a court "may" do one of three things: (1) join for hearing or trial any or all matters at issue in the actions; (2) "consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(1)–(3); *ACR Energy, LLC v. Polo N. Country Club*, 309 F.R.D. 193 (D.N.J. 2015) (citing *id.*). Even a cursory reading of Rule 42(a)'s plain language reveals three facts: first, as the verb "may" underscores, consolidation is discretionary; second, before consolidation can even be considered, at least one common question of fact or law must exist; and third, such a congruence does not mandate consolidation, one of three options explicitly authorized by Rule 42(a).[6] *See, e.g.*, FED. R. CIV. P. 42(a*); Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989) ("A trial court has broad discretion in determining whether to consolidate a case pending before it."); *Reed v. Deja*, Nos. 10CV379S, 09CV858S, 2014 U.S. Dist. LEXIS 41279, at *8, 2014 WL 1316232, at *3 (W.D.N.Y. Jan. 13, 2014) (referring to the three options in Rule

---

[5] Once more, Plaintiff has mischaracterized Defendants' point. They were not insisting this fear reflected the necessary legal effect of consolidation; they brought up this fear as a real-world possibility that should be weighed when several cases' consolidation is being requested by a party, as case law, in fact, advises, *see infra* Part III.A.

[6] In actuality, Rule 42(a)(3) leaves open any number of possibilities. *See Gagan v. Estate of Estate of Sharar*, Nos. CV-99-01427-PHX-RCB, CV-13-1113-PHX-SRB, 2013 U.S. Dist. LEXIS 173763, at *3 n.2, 2013 WL 6410411, at *1 n.2 (D. Ariz. Dec. 9, 2013).

42(a) as "three types of consolidation"); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.

1984) ("The district court, in exercising its broad discretion to order consolidation of actions

presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort

consolidation would produce against any inconvenience, delay, or expense that it would cause.").

Thus, "permitted as a matter of convenience and economy in administration," consolidation

"does not merge suits into a single cause or change the rights of the parties." *Johnson v.*

*Manhattan Ry. Co.*, 289 U.S. 479, 496–97, 53 S. Ct. 721, 727–28, 77 L. Ed. 1331 (1933); *see*

*also McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not

cause one civil action to emerge from two."). In weighing consolidation, numerous factors are

considered, including whether the actions are pending before the same court; the actions involve

a common party; any risk of prejudice or confusion will result from consolidation; any risk of

inconsistent adjudications of common factual or legal questions will result if the matters are tried

separately; consolidation will reduce the time and cost of trying the cases separately; and the

cases are at the same stage of preparation for trial. *Arnold & Co., LLC v. David K. Young*

*Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 U.S. Dist. LEXIS 50103, at *4, 2013 WL

1411773, at *1–2 (W.D. Tex. Apr. 8, 2013). Consolidation may properly be denied in instances

where the cases are at different stages of preparedness for trial. *See, e.g.*, *St. Bernard Gen. Hosp.,*

*Inc. v. Hosp. Serv. Ass'n of New* Orleans, Inc., 712 F.2d 978, 990 (5th Cir. 1983); *F.D.I.C. v.*

*Lewis*, No. 2:10-cv-439-JCM-VCF, 2016 U.S. Dist. LEXIS 5409, at *3 (D. Nev. Jan. 15, 2016).

Moreover, the party seeking it bears the burden of establishing that judicial economy outweighs

the risk of delay or potential prejudice to the opposing party. *See, e.g.*, *Rajala v. Gardner*, No.

09-2482-EFM, 2011 U.S. Dist. LEXIS 145961, at *3–4 (D. Kan. Dec. 19, 2011).

**B.     APPLICATION**

With rulings on dispositive motions not yet made and discovery having begun or concluded in some, but not, all cases, this Court sees no good reason to order consolidation for trial at this time. *See St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 990. When evidence is still being sought and gathered, there is no way to properly balance the varied factors that court consider under Rule 42(a) with the kind of rigor that such discretionary decisions impliedly demand. Indeed, Varnado himself may have the relief sought in his original complaint—an injunction compelling Defendants to provide him with his hernia surgery, (Doc. 1)—granted without the necessity of either a hearing or a trial, (*See* Doc. 137); expert discovery in the *Thomas* Matter will not end until December 19, 2016, (Doc. 43, No. 13-cv-00673-JWD-EWD); and Plaintiff's counsel have repeatedly told this Court that they are still seeking to interview other inmates with possibly similar claims, (*See, e.g.*, Docs. 106.) In other words, these cases appear to be in different stages, with Plaintiff's counsel having only been recently enrolled as others' lawyer of record, a sufficient reason to deny consolidation under Rule 42(a).

In addition, because "[a] claim against prison officials and/or prison medical professionals for failure to provide medical care is 'fact-intensive and . . . require[s] . . . development of the record' and a 'conclusory assessment essentially disregards [a] [plaintiff's] allegations,'" *Randolph v. Wetzel*, 987 F. Supp. 2d 605, 624 (E.D. Pa. 2013) (alterations in original) (quoting *Leamer v. Fauver*, 288 F.3d 532, 547 (3d Cir. 2002)), this Court is reluctant to order consolidation of cases still somewhat inchoate in light of obvious, at least at first blush, factual differences, (*See, e.g.*, Doc. 119-2, 119-3, 119-4, 119-5). That three factual allegations may characterize the Related Matters—a request for surgery and a seemingly unjustifiable delay between a referral and effective treatment, (Doc. 107-1 at 3)—does not mean, as Defendants

rightly note, that the cases cannot be—and maybe should be—differentiated when a jury is empaneled. Even if "consolidation may enhance judicial economy, considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial," *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993), and "[c]onsolidation is not warranted merely because two separate plaintiff allege distinct claims under the same general theory of law or statute," *Sidari v. Orleans Cnty.*, 174 F.R.D. 275, 281 (W.D.N.Y. 1997). As this Court reads the operative documents, the Related Matters involve "the same general theory of law or statute," but not, as of yet, more.

Nonetheless, this confluence does convince the Court of the need to minimize redundant discovery so as "to avoid unnecessary cost or delay," FED. R. CIV. P. 42(a)(3), and ensure "the just, speedy, and inexpensive determination of every action and proceeding," FED. R. CIV. P. 1. *See, e.g.*, *Newmark v. Turner Broad. Network*, 226 F. Supp. 2d 1215, 1223 (C.D. Cal. 2002) ("Both cases are at the early stage of litigation, which facilitates consolidation, at least for discovery and pretrial purposes.").

## IV.    CONCLUSION

Because much remains unknown and undeveloped in the Related Matters, consolidation for discovery and for trial, as Plaintiff requests, strikes this Court as not yet necessary and as far too preemptory for purposes of Rule 42(a). Still, because the same broad allegation animates every plaintiff, consolidation for discovery is likely to maximize "convenience and economy in administration" with nary a threat to Defendants' own venerable rights to a fair trial and an impartial jury. Accordingly, this Court GRANTS IN PART the Consolidation Motion, allowing

consolidation for discovery, but DENIES WITHOUT PREJUDICE the portion of the

Consolidation Motion asking for consolidation for trial.

      Signed in Baton Rouge, Louisiana, on <u>January 22, 2016</u>.


<br>

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**