# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

HYMEL VARNADO                                      CIVIL ACTION

VERSUS                                             NO. 13-348-JJB-EWD

JAMES LEBLANC, ET AL.

## RULING ON MOTION FOR LEAVE TO AMEND COMPLAINT

Before the Court is a Motion for Leave to File Amended Complaint, filed by plaintiff, Hymel Varnado.[1]  The Motion is opposed.[2]  For the following reasons, Varnado's Motion for Leave is **GRANTED.**[3]

## I.      Background

Plaintiff Hymel Varnado is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana ("Angola").  On May 31, 2013, Varnado filed a Complaint against James D. LeBlanc, Secretary of Louisiana Department of Public Safety and Corrections, Warden Burl Cain, Assistant Warden Kenneth Norris, and Assistant Warden Stephanie Lamartiniere seeking declaratory and injunctive relief, as well as compensatory and punitive damages, pursuant to 42 U.S.C. § 1983.[4]  Varnado alleges that the Defendants were deliberately indifferent to his serious

---

[1] R. Doc. 198.

[2] R. Doc. 202.

[3] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)."  *Cazares v. Morris*, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citing, inter alia, *JJCO, Inc. v. Isuzu Motors America, Inc*., 2009 WL 3818247, at *2 (D. Haw. Nov. 12, 2009) (magistrate judge's denial of a motion for leave to amend complaint is not a dispositive ruling)) (citing, in turn, *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985), superseded by statute on other grounds as recognized in *Simpson v. Lear Astronics Corp*., 77 F.3d 1170 (9th Cir. 1996) (noting that the plaintiff's motion for leave to amend its Complaint was properly treated as a nondispositive motion when the magistrate judge granted the plaintiff's motion)).  The Fifth Circuit has similarly recognized that a motion to amend a complaint is a nondispositive motion.  *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

[4] R. Doc. 1.

medical needs in violation of his Eighth Amendment rights.[5]  In the Complaint, Varnado alleges that he first sought medical treatment for complaints of lower abdominal pain on September 30, 2009 and sought additional treatment on August 21, 2011 after a small lump formed in the same area of his abdomen.[6]  Varnado asserts that he sent a letter to Medical Director Dr. Johnathan Roundtree on November 7, 2011, requesting a medical duty status to limit his work requirements due to the protruding lump in his abdomen.[7]  Varnado claims he never received a response to the letter.

Varnado further asserts that on February 22, 2012, he felt a "pop" in his abdomen while lifting locker boxes and experienced pain and swelling in his abdomen.  Varnado was subsequently examined by Dr. Toce and diagnosed with an indirect inguinal hernia.[8]  Varnado was prescribed medication and a medical duty status and was referred to the surgery clinic for further observation.[9]  Varnado alleges that he made additional sick call requests between February 2012 and May 2012 seeking medical treatment for his abdominal pain and that in April and May of 2012 he sent several letters to Medical Director Dr. Jason Collins, pleading for medical treatment.[10]  Varnado claims Asst. Warden Kenneth Norris responded to each of his letters stating that Varnado must seek medical treatment through sick call and that Varnado "has an appointment in the near future."[11]  Varnado alleges that on May 29, 2012, he sought sick call complaining of a lump protruding from his abdomen which caused a burning sensation that radiated to his testicles and that he was having difficulty moving his bowels.[12]

---

[5] R. Doc. 1-1 at 1.
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.*
[10] *Id.* at 4-5.
[11] *Id.* at 5.
[12] *Id.*

Varnado asserts that in June 2012, he and several other inmates with severe hernia conditions were summoned to a meeting held by prison officials, including Dr. Collins and Asst. Warden Norris, regarding the delay in treatment for prescribed hernia surgeries.[13]  According to Varnado, Dr. Collins and Asst. Warden Norris informed the inmates that the Louisiana State University ("LSU") Surgery Clinic was responsible for performing the prescribed hernia surgeries, but due to budgetary constraints the surgeries would not be performed unless the condition became life-threatening.[14]  Varnado alleges that Asst. Warden Norris informed the inmates that the American Civil Liberties Union ("ACLU") of New Orleans was willing to assist all inmates in obtaining the necessary hernia treatment that they were prescribed and that Varnado signed a release of his medical records to the ACLU, but was never contacted by anyone regarding treatment.[15]

Varnado alleges that on January 7, 2013, he filed an administrative grievance regarding the failure to provide necessary hernia surgery.[16]  Varnado contends that prison officials responded to his administrative grievance on April 22, 2013 by advising him that the LSU Surgery Clinic is responsible for providing the necessary surgical hernia repair.[17]  Varnado further asserts that for more than two years after he was first diagnosed with an inguinal hernia, he sent letters to prison officials, including Secretary LeBlanc, Dr. Collins, Asst. Warden Norris, and Asst. Warden Lamartiniere, requesting immediate treatment for the excruciating pain allegedly associated with the lump in his abdomen.[18]  Varnado claims that the prison officials ignored his complaints of severe pain and suffering and denied him adequate medical treatment.  Varnado also asserts that

---

[13] *Id.*
[14] *Id.* at 5-6.
[15] *Id.* at 6.
[16] *Id.*
[17] *Id.* at 12.
[18] *Id.* at 6-12.

the prison officials adopted a policy of providing only minimal care to prisoners based upon cost. Varnado asserts that his ARP was denied at Step One on February 8, 2013 and was denied at Step Two on April 12, 2013.[19]   Thus, Varnado contends he exhausted his administrative remedies prior to filing suit on May 31, 2013.

On November 8, 2013, Varnado filed a Motion for Leave to Supplement and to Add Defendants and Claims, seeking to add Dr. Jason Collins, Medical Director of Angola, and Dr. Ramon Singh, Medical Director of Louisiana Department of Public Safety and Corrections, as defendants in their individual and official capacities.[20]   In the motion, Varnado seeks declaratory relief, injunctive relief, and damages under 42 U.S.C. § 1983, alleging that Dr. Collins and Dr. Singh were deliberately indifferent to his serious medical needs.   The motion was granted on February 3, 2014.[21]

On April 1, 2014, the Defendants filed a Motion for Summary Judgment, seeking dismissal of the action with prejudice.[22]   Varnado subsequently filed a Motion for Summary Judgment on May 27, 2014, seeking summary judgment on all issues, as well as damages and injunctive relief to prevent further harm from Defendants' unconstitutional policy of refusing hernia surgery to inmates.[23]   Magistrate Judge Stephen C. Riedlinger issued a Report and Recommendation on February 6, 2015, recommending that the Defendants' Motion for Summary Judgment be granted in part, dismissing any claim Varnado made on behalf of other prisoners, dismissing all claims except for Varnado's deliberate medical indifference claim based on the Defendants' failure to timely provide hernia surgery, and denying the remainder of the Defendants' motion.[24]   The

---

[19] R. Doc. 198-1 at 6.
[20] R. Doc. 21.
[21] R. Doc. 42.
[22] R. Doc. 74.
[23] R. Doc. 81.
[24] R. Doc. 89 at 22.

Magistrate Judge also recommended that Varnado's Motion for Summary Judgment be denied, that the Court not exercise supplemental jurisdiction over Varnado's state law claims, which should be dismissed without prejudice, and that the action be referred back to the Magistrate Judge for further proceedings on Varnado's Eighth Amendment deliberate medical indifference claim.[25] District Judge John W. deGravelles adopted the Report and Recommendation on February 20, 2015, dismissing all but Varnado's deliberate medical indifference claim against the Defendants.[26]

Varnado subsequently filed a Motion for Consolidation on November 30, 2015, seeking to consolidate the instant case with three others pending before the Court: *Kenneth F. Lesley v. N. Burl Cain, et al.*, No. 13-cv-00490-JWD-EWD; *Wayne Fritz v. N. Burl Cain, et al.*, No. 13-cv-00556-JWD-EWD; and *Donald Thomas v. N. Burl Cain, et al.*, No. 13-cv-00673-JWD-EWD.[27] Varnado sought to consolidate the four matters because each case involves a medical indifference claim brought by an Angola inmate who allegedly developed a painful hernia while incarcerated but failed to receive the doctor-recommended surgery due to alleged lack of funding.[28] On January 25, 2016, this Court issued an Order granting in part and denying in part the Motion for Consolidation, allowing consolidation for discovery but not for trial.[29]

Thereafter, on April 20, 2016, Varnado, Lesley, Thomas, and Fritz (collectively, "Plaintiffs"), filed a Motion for Leave of Court to File Amended Consolidated Complaint for Orderly Discovery ("Amended Consolidated Complaint").[30] Defendants opposed the Motion for Leave because it named several new defendants, including the State of Louisiana, the Louisiana Department of Public Safety and Corrections ("DPSC"), the Louisiana State Penitentiary at

---

[25] *Id*. at 22-23.
[26] R. Doc. 91.
[27] R. Doc. 107.
[28] R. Doc. 107-1.
[29] R. Doc. 139. The Order reserved to Varnado the right to reurge the issue of consolidation for trial purposes at a later time.
[30] R. Doc. 145.

Angola, Louisiana Governor John Bel Edwards, Warden Darryl Vannoy, and ABC Insurance Companies 1-10, who allegedly insure the ten Defendants.[31]  Defendants also opposed the Motion for Leave because it asserted new claims under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, the Fourteenth Amendment, and because Plaintiffs requested a permanent injunction, a declaratory judgment, special damages, compensatory damages, punitive damages, interest, and attorney's fees.[32]  Defendants argued that the only claims remaining in each of the four cases were claims of medical indifference for delayed hernia surgery.[33]  On June 23, 2016, this Court granted the Motion for Leave, allowing Plaintiffs to file the Amended Consolidated Complaint.[34]  The Court subsequently issued a Joint Scheduling Order,[35] setting forth the deadlines for the consolidated case and the deadlines for the four individual cases.

On August 8, 2016, the case was reassigned from District Judge John W. deGravelles to District Judge James J. Brady.[36]  On August 10, 2016, Plaintiffs filed an Unopposed Motion to Extend the Deadline to File Motions to Compel,[37] seeking to extend the deadline for filing motions to compel from August 11, 2016 to September 5, 2016.  On August 11, 2016, Judge Brady issued an Order referring the matter, as well as all future discovery matters, to the undersigned Magistrate Judge.[38]  Judge Brady also agreed with Judge deGravelles' January 25, 2016 Order consolidating

---

[31] R. Doc. 145-2 at 3-4.  The proposed Amended Consolidated Complaint also named Asst. Warden Norris, Asst. Warden Lamartiniere, former Warden Cain, and Dr. Singh as defendants, but removed Dr. Collins as a defendant. (*Id.*).
[32] R. Doc. 150.
[33] Defendants noted that Lesley also had a claim for medical indifference for delayed left knee surgery and that Thomas also had a claim for medical indifference for delayed hip surgery.  (R. Doc. 150 at 4, 6).
[34] R. Doc. 162.  In his oral reasons for judgment, District Judge John W. deGravelles explained that there was no evidence of bad faith or dilatory motive on the Plaintiffs' part in seeking amendment after the deadlines had passed. Judge deGravelles also found no undue prejudice since the Plaintiffs had only recently obtained counsel in May 2015 and May 2016 and because Defendants can mount an adequate defense by conducting discovery on the new claims.
[35] R. Doc. 167.
[36] *See* record docket.
[37] R. Doc. 175.
[38] R. Doc. 176.

the matters for discovery purposes,[39] but found that the matters were not appropriate for consolidated trials.[40]

In response to Judge Brady's August 11, 2016 Order, Varnado filed the instant Motion for Leave to File Amended Complaint on September 14, 2016,[41] seeking to amend his Complaint to include the additional claims and parties that were included in the Amended Consolidated Complaint.[42]  Varnado asserts that the amendment will not prejudice the Defendants because they have already seen the allegations and claims in the Amended Consolidated Complaint.[43] Defendants oppose the Motion, essentially asserting the same arguments raised in their opposition to the Plaintiffs' Motion for Leave to File the Amended Consolidated Complaint,[44] namely that the Motion should be denied because Varnado seeks to add new parties and new claims long after the deadline for amended pleadings and adding new parties has passed.[45]  Defendants also assert that because Varnado has received hernia surgery, any claims for prospective relief against Defendants in their official capacity, which survived the Defendants' Motion for Summary Judgment,[46] are moot.[47]  Defendants further argue that the proposed Amended Complaint asserts ADA claims against individuals, which is not permitted under the ADA, and adds claims against state entities that are not subject to suit in federal court.[48]

---

[39] R. Doc. 139.
[40] R. Doc. 176.
[41] R. Doc. 198.
[42] R. Doc. 163.
[43] *Id*. at 1.
[44] R. Doc. 150.
[45] R. Doc. 202.
[46] R. Doc. 74.  *See,* R. Doc. 89 at 14.
[47] R. Doc. 202 at 2.
[48] *Id.* at 3.

## II.     Law and Analysis

At the outset, the Court notes that a review of the docket reveals that there was never a deadline imposed for the parties to file amendments or add parties in this case.[49]  As such, the more liberal standard of Federal Rule of Civil Procedure 15(a) applies to determine whether leave to amend the Complaint should be granted or denied.  Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The court liberally construes Rule 15(a) in favor of amendment.  *See, Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend").  Although leave to amend should not be automatically granted, "A district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).  In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962)).

Of these factors, Defendants argue that leave should be denied due to Varnado's dilatory motive and because some of the amendments would be futile.  Defendants assert that the amendment should not be allowed because, "In addition to these claims being brought long after applicable deadlines, none of these new claims were brought administratively."[50]  These arguments

---

[49] *See,* R. Docs. 13, 96, 159, 167, 182.
[50] R. Doc. 202 at 3.

were previously raised and rejected by this Court on June 23, 2016,[51] when Judge deGravelles granted the Plaintiffs' Motion for Leave to File Amended Consolidated Complaint for Orderly Discovery.[52]   In granting the motion, Judge deGravelles implicitly rejected the *Varnado* Defendants' argument that the motion should be denied because, "In addition to these claims being brought long after applicable deadlines, none of these new claims were brought administratively."[53]   To the extent that the issue of exhaustion was not specifically addressed by Judge deGravelles in his oral ruling, the Court finds that the Administrative Remedy Procedure process appears to have been exhausted with respect to the underlying issue of deliberate indifference to a serious medical condition and failure to provide the recommended hernia surgery.

All of the claims raised in the proposed Amended Complaint arise out of the Defendants' failure to provide the prescribed hernia surgery.   On January 7, 2013, Varnado filed ARP LSP-2013-0119, complaining that he was told he needed surgery to repair a hernia, but after more than a year and a half he still had not received the necessary surgery.[54]   Varnado complained of severe pain from the hernia, which significantly affects his daily activities.[55]   Varnado also alleged that, "To be in pain while awaiting a delayed operation constitutes deliberate indifference which is a violation of my Eighth Amendment right."[56]   The Fifth Circuit has held that, "a prisoner, who is of course typically uncounseled, need not present legal theories in his grievances."   *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004) (citations omitted).   The court further held, "[T]he purpose of the exhaustion requirement is to give prison administrators an opportunity to address a problem, and they can do this whether or not the prisoner tells them the constitutional provisions

---

[51] R. Doc. 162 and oral reasons read into the record by Judge deGravelles during oral argument held on June 23, 2016.
[52] R. Doc. 145.
[53] R. Doc. 150 at 3.
[54] R. Doc. 1-5 at 14.
[55] *Id.*
[56] *Id.*   Varnado filed seven supplements to the ARP, which make the same allegations.   (*See*, R. Doc. 1-5 at 16-31).

that the problem implicates." *Id.* at 518.  Based on the foregoing, the Court finds that Varnado's ARP was sufficient to give prison officials fair notice of his deliberate indifference claim, as well as his claims under the ADA and the Rehabilitation Act, all of which arise out of the failure to provide the hernia surgery.

Defendants further argue that the amendment would be futile because the proposed Amended Complaint sues individuals for claims under the ADA, which is not permitted under *Walker v. Snyder*, 213 F.3d 344, 347 (7th Cir. 2000).[57]  This argument lacks merit.  The Seventh Circuit has held that the portion of *Walker* relied upon by the Defendants was specifically overruled by the Supreme Court in *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 n.9, 121 S.Ct. 955, 968 n.9, 148 L.Ed.2d 866 (2001).  *Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606 (7th Cir. 2004).  In *Radaszewski*, the court held, "*Garrett* explicitly recognized the right of a private plaintiff to assert an ADA claim for injunctive relief against a state official in federal court." *Id.* (citing *Garrett*, 531 U.S. at 374 n.9, 121 S.Ct. at 968 n.9).  In the proposed Amended Complaint, Varnado seeks declaratory and injunctive relief against the Defendants under the ADA and the Rehabilitation Act.[58]  Thus, Defendants have not shown that these claims would be futile.[59]

Defendants also argue that the amendment would be futile because the proposed Amended Complaint would add claims against state entities that are not subject to suit in federal court.[60] This claim also lacks merit.  While the Eleventh Amendment bars suit brought by a citizen against his own state in federal court, the Eleventh Amendment immunity can be waived by a State or

---

[57] R. Doc. 202 at 3.
[58] R. Doc. 198-1 at 19.
[59] Although Varnado has received hernia surgery, his claims for injunctive relief under the ADA and the Rehabilitation Act are broader than merely a request for surgery.  In the proposed Amended Complaint, Varnado seeks a permanent injunction requiring the Defendants to institute all policies, procedures, and training and to provide Varnado with constitutional medical care.  (R. Doc. 198-1 at 19).  Thus, the amendment would not be futile.
[60] R. Doc. 202 at 3.

abrogated by Congress under the enforcement power conferred by § 5 of the Fourteenth Amendment. *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 450–51 (5th Cir. 2005) (citations omitted). "The Fifth Circuit has held that the state's receipt of federal funds is a knowing and voluntary waiver of its sovereign immunity as to claims arising under § 504 of the [Rehabilitation Act]." *Cooper v. Kliebert*, 2014 WL 7334911, at *4 (M.D. La. Dec. 19, 2014) (citing *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005)). Here, the proposed Amended Complaint alleges that the State, DPSC, and Angola are each "a public entity as that term is used in the ADA and the Rehab Act" and that each is "a recipient of federal financial assistance as that term is used in the Rehab Act."[61] Defendants do not challenge these allegations. Thus, Defendants may have waived their sovereign immunity claim under the ADA and § 504 of the Rehabilitation Act. *See, Cooper*, 2014 WL 7334911 at *4 (finding the State waived its sovereign immunity from suit under § 504 of the Rehabilitation Act by not contesting the plaintiff's allegations that defendant Louisiana Department of Health and Hospitals receives federal financial assistance and is a public entity as defined by 42 U.S.C. § 12131(1)(B)).

This Court has reviewed the proposed Amended Complaint[62] and there is no evidence that the amendment is sought in bad faith, would surprise or unfairly prejudice the Defendants, or would cause undue delay. Defendants first received notice of the additional parties and claims included in the proposed Amended Complaint when the Plaintiffs filed their Motion for Leave to File the Amended Consolidated Complaint on April 20, 2016.[63] When Judge deGravelles granted the Motion on June 23, 2016,[64] he specifically found that the Defendants would not be prejudiced by the addition of new parties and new claims in the Amended Consolidated Complaint if

---

[61] R. Doc. 198-1 at 2-3.
[62] R. Doc. 198-1.
[63] R. Doc. 145.
[64] R. Doc. 162 and oral reasons read into the record by Judge deGravelles during oral argument held on June 23, 2016.

Defendants were given sufficient time to conduct discovery into the new claims, which the Court allowed.[65]  For the same reasons expressed by Judge deGravelles in his June 23, 2016 oral ruling, this Court finds that Defendants have not shown that the amendment is sought in bad faith or that it would surprise or unfairly prejudice the Defendants.[66]

The Court further finds that Varnado's delay in seeking leave to amend is not unexplained, unjustified, or unreasonable.  Plaintiffs first sought to file an Amended Consolidated Complaint on April 20, 2016, after the case was consolidated for discovery and based upon information obtained during discovery.[67]  Defendants have not alleged that the additional information was available to the Plaintiffs sooner and that they failed to investigate or act upon the information. Further, in seeking leave to file the Amended Consolidated Complaint, Plaintiffs specifically asserted that, "If this Court declines to consolidate for trial, Plaintiffs will separate the consolidated complaint and request leave to file four separate amended complaints."[68]  When this Court granted Plaintiffs' Motion for Leave to file the Amended Consolidated Complaint on June 23, 2016,[69] Defendants should have known that the Plaintiffs would file individual amended complaints identical to the Amended Consolidated Complaint if the matter was not consolidated for trial.  That is precisely what Varnado did in this case.  When Judge Brady issued an Order on August 11, 2016 stating that the matter would not be consolidated for trial,[70] Varnado filed the instant Motion for

---

[65] R. Docs. 167, 173.

[66] In the Opposition, Defendants note that the trial in this matter is set for December 12, 2016.  (R. Doc. 202 at 3). Defendants, however, do not assert that they will be prejudiced at trial if the amendment is allowed.  The Court recognizes the potential for prejudice under such circumstances, where additional parties are named as defendants shortly before trial.  In the Court's experience, however, the additional parties named as defendants in the proposed Amended Complaint will likely be represented by the same attorney who is representing the original Defendants. Thus, neither the original Defendants nor the additional parties named in the proposed Amended Complaint will likely be prejudiced by allowing the amendment.

[67] R. Doc. 145.

[68] R. Doc. 145-1 at 2.

[69] R. Doc. 162.

[70] R. Doc. 176.

Leave on September 14, 2016.[71]  In the Motion, Varnado asserts that, "Recently, the Court decided not to consolidate the cases for trial therefor [sic] this Amended Complaint is necessary to continue the claims that were added in the Consolidated Complaint . . . . [T]his is just the Consolidated Complaint split into four pieces."[72]  The Court finds that Defendants have not shown that the Motion for Leave should be denied on the basis of dilatory motive, futility, undue delay, or potential prejudice.[73]

## III.   Conclusion

Consistent with the liberal standard applicable to Federal Rule of Civil Procedure 15, this Court will allow Hymel Varnado to file the proposed Amended Complaint as requested.  For the reasons given above, **IT IS ORDERED** that Varnado's Motion for Leave to File Amended Complaint[74] is **GRANTED**.  The Clerk's Office shall enter Varnado's proposed Amended Complaint[75] into the record of this matter.

Signed in Baton Rouge, Louisiana, on November 3, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[71] R. Doc. 198.
[72] *Id.* at 1.
[73] The Court also rejects the Defendants' argument that Varnado's claims for prospective relief against Defendants in their official capacity are moot since Varnado has received the hernia surgery.  (R. Doc. 202 at 2).  In the original Complaint, Varnado sought, "A [sic] injunction ordering defendants LeBlanc and Cain to immediately arrange for plaintiff 'Hymel Varnado' to receive the corrective hernia surgery in which he was medically prescribed." (R. Doc. 1-1 at 22).  Although Varnado's claim for prospective injunctive relief against the Defendants in their official capacity survived Defendants' April 1, 2014 Motion for Summary Judgment (R. Doc. 89 at 14; R. Doc. 91), the proposed Amended Complaint does not request prospective injunctive relief against Defendants in their official capacity in the form of hernia surgery.  (R. Doc. 198-1 at 19).  Thus, Defendants' argument on this issue is moot.
[74] R. Doc. 198.
[75] R. doc. 198-1.